## MILFORD J. COLE *vs.* JOHN E. CASSIDY.

Suffolk. Nov. 13, 1884. — Jan. 13, 1885. FIELD, DEVENS, & COLBURN, JJ.,
absent.

In an action for deceit, the declaration alleged that the defendant was a director
of a certain national bank; that he falsely and fraudulently represented as of
his own knowledge that the bank was sound; that the plaintiff was thereby
induced to buy stock and make deposits in the bank; that the bank was not
sound; and that the defendant, when he made the representations, knew them
to be untrue. The defendant was allowed to put in evidence of his relations
to the bank, and tending directly to show that he did not know that the bank
was unsound. *Held*, that the plaintiff had no ground of exception.

In an action against a director of a national bank for deceit, in falsely represent-
ing as of his own knowledge that the bank was sound, and thereby inducing
the plaintiff to buy stock and make deposits therein, when in fact the bank
was not sound, and the defendant knew of its unsoundness when he made the
representations, the plaintiff asked the judge to instruct the jury, "that, if they
found the defendant's representation as to the soundness of the bank was made
as a statement of existing fact, and as of his own knowledge, and if such rep-
resentation was in fact untrue, it was not necessary for the plaintiff to prove
that the defendant made the representation with intent to deceive, but that it
was sufficient for him to show that the defendant made the representation with
the intent to induce the plaintiff to rely and act upon it, and that the plaintiff
did so act and rely." The judge instructed the jury, in substance, that the
plaintiff could recover, if he proved that the defendant represented as an exist-
ing fact that the bank was sound, that the plaintiff was thereby induced to act,
that in fact the bank was not sound, and that the defendant then knew that
it was not sound, or that, the fact of the soundness of the bank being a fact
within his means of knowledge, he stated that the bank was sound, having no
knowledge of that fact; and that, if these facts were established, the defend-
ant would be liable, although he believed and had reasonable cause to believe
his representations to be true. *Held*, that the plaintiff had no ground of ex-
ception.

MORTON, C. J. This is an action of tort for deceit. The declaration alleges that the defendant was a director of the Pacific National Bank; that he falsely and fraudulently represented of his own knowledge that the bank was sound; that the plaintiff was thereby induced to buy stock and make deposits in the bank; that the bank was not sound; and that the defendant, when he made the representations, knew them to be untrue. The case proceeded upon two grounds; one, that the defendant, to induce the plaintiff to act, stated facts which he knew to be untrue; the other, that he stated facts, as of his own knowledge, which were not true. To meet the first ground, the evidence put in by the defendant, against the objection of the plaintiff, was competent. It stated the relations of the defendant to the bank, and tended directly to show that he did not know that the bank was unsound, and thus to meet the allegation of the declaration that he knew his statements to be untrue.

The only other exception taken by the plaintiff was to the refusal of the court to give the instruction requested by him. He requested the court to instruct the jury, " that, if they found the defendant's representation as to the soundness of the bank was made as a statement of existing fact, and as of his own knowledge, and if such representation was in fact untrue, it was not necessary for the plaintiff to prove that the defendant made the representation with intent to deceive, but that it was sufficient for him to show that the defendant made the representation with the intent to induce the plaintiff to rely and act upon it, and that the plaintiff did so act and rely." The court was not required to give the instructions in the precise words of the request. It instructed the jury, in substance, that the plaintiff could recover, if he proved that the defendant represented, as an existing fact, that the bank was sound, that the plaintiff was thereby induced to act, that in fact the bank was not sound, and that the defendant then knew that it was not sound, or that, the fact of the soundness of the bank being a fact within his means of knowledge, he stated that the bank was sound, having no knowledge of that fact; and further, that, if these facts were established, the defendant would be liable, although he believed and had reasonable cause to believe his representations to be true.

These instructions are in accordance with the established rules, that, to maintain an action of deceit, the plaintiff must prove representations of material facts which are false, and which induce him to act; and either that the defendant knew them to be false, or that, the facts being facts susceptible of knowledge, he represented as of his own knowledge that they were true, when in fact he had no such knowledge. *Litchfield* v. *Hutchinson*, 117 Mass. 195. *Milliken* v. *Thorndike*, 103 Mass. 382.

The request of the plaintiff was in substance covered by the instructions given, as they necessarily imply that, if untrue representations were made by the defendant as of his own knowledge, it was not necessary for the plaintiff to prove that they were made with intent to deceive.

We are therefore of opinion, that the plaintiff has no ground of complaint. *Exceptions overruled.*

*A. B. Wentworth*, for the plaintiff.

*I. W. Richardson & T. S. Dame*, for the defendant.