JOHN J. ROSENBERG *vs.* JOHN DOE.

Suffolk.   January 12, 1888. — February 29, 1888.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Release — Seal — Seamen's Wages — Fraud or Coercion — Statute.*

The mutual release of wages by master and seamen before a shipping commissioner, provided for by the U. S. Rev. Sts. § 4552, need not be made or authenticated under seal, and is conclusive if it is executed and attested as required, without fraud or coercion.

HOLMES, J.   This is an action by a seaman against the master of a vessel to recover a balance of wages alleged to be due.

The defendant denies the liability, and also sets up a release executed before a shipping commissioner under the U. S. Rev. Sts. § 4552. The plaintiff is a Finnish sailor, and speaks the English language very imperfectly. At the trial he testified that he did not know the contents of the release when he signed it, and did so thinking it was a mere receipt for the money actually received. He also testified to circumstances which he relied on as showing fraud on the part of the commissioner, but which it is unnecessary to state, as the instructions * to the jury required them to find that the release was signed, not only without any fraud, deception, or coercion, but also with knowledge of its contents, in order to constitute a bar. This we think was too broad, and started an inquiry which the statute cannot have intended to leave open.

The statute enacts that upon the completion, before a shipping commissioner, of any discharge and settlement, the master and seamen shall sign "a mutual release of all claims for wages in respect of the past voyage or engagement," in his presence, and that he shall also sign and attest it, &c., provided both the master and seamen assent to such settlement, or the settlement has been adjusted by the shipping commissioner. "Such release, so signed and attested, shall operate as a mutual discharge and settlement of all demands for wages between the parties thereto, on account of wages, in respect of the past voyage or engagement."

The release in this case did not bear the seal either of the parties or of the shipping commissioner. But from the nature of the transaction, and from the word used ("sign"), we assume, as it was assumed by the court below, that the release need not be a technical release under seal in order to have the effect given

---

* The judge instructed the jury, that if the plaintiff signed the release before the shipping commissioner without any fraud, deception, or coercion, and with knowledge of its contents, it constituted a full discharge of the claim; that they must determine upon all the circumstances, as, for instance, his imperfect knowledge of the language, the fact that some of his shipmates were present and signed the same release at the same time, that he had never served upon an American vessel before, and other facts before them, whether the plaintiff understood what he was doing when he signed the release, and did it intelligently; that if he signed it knowing what it was, he could not recover; but if he signed it, not understanding its purport or legal effect, it did not constitute a bar to the plaintiff's claim.

it by statute. We are also of opinion, that if the execution before the commissioner, and his signature and attestation, are established, the absence of his seal to authenticate his act (§ 4506) does not deprive the release of its effect. The instrument followed the words of the statute, and therefore, by the terms of the act, it had at least the effect of a release under seal irrespective of any question of consideration.

Coming now to the ruling, it authorized the jury to find for the plaintiff if they found that he did not know the contents of the release, although they should be of opinion that there was no direct or indirect misrepresentation to him of its contents, or other fraud, or any declaration by him of what he understood its contents to be, or any request by him to have it read in a language which he understood (if he could not read English), or any pressure brought to bear upon him to make him sign without having it read. This would not be the law in the case of a release under seal. *Leddy* v. *Barney*, 139 Mass. 394, 396. *Upton* v. *Tribilcock*, 91 U. S. 45, 50. Shep. Touchst. 56. Com. Dig. Fait (B 2). We think that it is not the true construction of the statute. We are of opinion that the statute means to make the release conclusive, if it is executed and attested as required, without fraud or coercion. See *Lamb* v. *Briard*, Abb. Adm. 367.

Reading the act in the way most favorable to the plaintiff, the proviso that "both the master and seamen assent to such settlement" is only attached to the requirement that the parties shall sign. If they do sign, the effect of their signatures must be determined by the ordinary rules of law. Signature under such circumstances as we have supposed conclusively imports assent to the instrument, and the instrument expresses consent to the settlement. It is contrary to first principles to allow a person whose overt acts have expressed assent to deny their effect on the ground of an undisclosed state of his mind for which no one else was responsible. *O'Donnell* v. *Clinton*, 145 Mass. 461. The common law makes no exception to these principles in favor of seamen, nor do we see any evidence that the statute meant to make one. *Exceptions sustained.*

*F. Cunningham*, for the defendant.

*J. M. Browne*, for the plaintiff.