CHATHAM FURNACE COMPANY *vs.* LAWRENCE MOFFATT.

Berkshire.    September 11, 1888. — October 17, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Fraudulent Misrepresentations — Jury-waived Case — Damages — Exceptions.*

The lessee of a mine, to induce another to purchase the lease, represented, as of his own knowledge, that there was a large quantity of ore in the mine ready to be taken out, and exhibited to him a plan of a survey of the mine, which showed that the ore was within the boundaries of the leased land. In making the plan, the surveyor, with the lessee's knowledge and assent, did not take the course of the first line leading from the shaft, through which the mine was entered, but erroneously assumed it to be due north, and the lessee never had it verified. In consequence of this erroneous assumption, the survey was misleading, the ore being in fact outside of such boundaries and the mine in the leased land being worked out. *Held,* that the lessee might be found liable for fraudulent misrepresentation, although he believed his statement to be true.

No exception lies to the refusal by a judge, who tries a case without a jury, to state all the considerations entering into his assessment of damages, no request for rulings upon the subject being made.

TORT for false and fraudulent representations made by the defendant, whereby the plaintiff was induced to take a lease of a mine, and to purchase certain mining machinery.

Trial in the Superior Court, without a jury, before *Barker*, J., who refused to give certain rulings requested by the defendant, and found for the plaintiff, assessing his damages at a certain sum for the depreciation in value of the lease, because of such representations. The defendant subsequently requested the judge to state specifically the facts considered by him in estimating such depreciation, but at the trial did not request any rulings on the subject; and the judge declined to make such a statement. The defendant alleged exceptions, the substance of which appears in the opinion.

*M. Wilcox & E. M. Wood*, for the defendant.

*H. L. Dawes & T. P. Pingree*, for the plaintiff.

C. ALLEN, J. It is well settled in this Commonwealth that the charge of fraudulent intent, in an action for deceit, may be maintained by proof of a statement made, as of the party's own knowledge, which is false, provided the thing stated is not merely a matter of opinion, estimate, or judgment, but is susceptible of actual knowledge ; and in such case it is not necessary to make any further proof of an actual intent to deceive. The fraud consists in stating that the party knows the thing to exist, when he does not know it to exist; and if he does not know it to exist, he must ordinarily be deemed to know that he does not. Forgetfulness of its existence after a former knowledge, or a mere belief of its existence, will not warrant or excuse a statement of actual knowledge. This rule has been steadily adhered to in this Commonwealth, and rests alike on sound policy and on sound legal principles. *Cole* v. *Cassidy*, 138 Mass. 437. *Savage* v. *Stevens*, 126 Mass. 207. *Tucker* v. *White*, 125 Mass. 344. *Litchfield* v. *Hutchinson*, 117 Mass. 195. *Milliken* v. *Thorndike*, 103 Mass. 382. *Fisher* v. *Mellen*, 103 Mass. 503. *Stone* v. *Denny*, 4 Met. 151. *Page* v. *Bent*, 2 Met. 371. *Hazard* v. *Irwin*, 18 Pick. 95. And though this doctrine has not always been fully maintained elsewhere, it is supported by the following authorities, amongst others. *Cooper* v. *Schlesinger*, 111 U. S. 148. *Bower* v. *Fenn*, 90 Penn. St. 359. *Brownlie* v. *Campbell*, 5 App. Cas. 925, 953, by Lord Blackburn. *Reese River*

*Mining Co.* v. *Smith*, L. R. 4 H. L. 64, 79, 80, by Lord Cairns. *Slim* v. *Croucher*, 1 DeG. F. & J. 518, by Lord Campbell.   See also *Peek* v. *Derry*, 59 L. T. (N. S.) 78, which has been published since this decision was announced.

In the present case, the defendant held a lease of land, in which there was iron ore.   The mine had formerly been worked, but operations had ceased, and the mine had become filled with water and débris.   The defendant sought to sell this lease to the plaintiff, and represented to the plaintiff, as of his own knowledge, that there was a large quantity of iron ore, from 8,000 to 10,000 tons, in his ore bed, uncovered and ready to be taken out and visible when the bed was free from water and débris.   The material point was, whether this mass of iron ore, which did in truth exist under ground, was within the boundaries of the land included in the defendant's lease, and the material part of the defendant's statement was, that this was in his ore bed ; and the representations were not in fact true in this, that while in a mine connecting with the defendant's shafts there was ore sufficient in quantity and location relative to drifts to satisfy these representations, if it had been in the land covered by the defendant's lease, that ore was not in the defendant's mine, but was in the adjoining mine ; and the defendant's mine was in fact worked out.

During the negotiations, the defendant exhibited to the plaintiff a plan of a survey of the mine, which had been made for him, and the plaintiff took a copy of it.   In making this plan, the surveyor, with the defendant's knowledge and assent, did not take the course of the first line leading from the shaft through which the mine was entered, but assumed it to be due north ; and the defendant never took any means to verify the course of this line.   In point of fact, this line did not run due north, but ran to the west of north.   If it had run due north, the survey, which was in other respects correct, would have correctly shown the mass of iron ore in question to have been within the boundaries of the land covered by the defendant's lease ; but in consequence of this erroneous assumption the survey was misleading, the iron ore being in fact outside of those boundaries.   It thus appears that the defendant knew that what purported to be a survey was not in all respects an actual survey, and that the line

upon which all the others depended had not been verified, but was merely assumed; and this was not disclosed to the plaintiff. The defendant took it upon himself to assert, as of his own knowledge, that this large mass of ore was in his ore bed, that is, within his boundaries; and in support of this assertion he exhibited the plan of the survey, the first line of which had not been verified, and was erroneous. Now this statement was clearly of a thing which was susceptible of knowledge. A real survey, all the lines of which had been properly verified, would have shown with accuracy where the ore was situated. It was within the defendant's knowledge that the first line of the plan had not been verified. If under such circumstances he chose to take it upon himself to say that he knew that the mass of ore which had been discovered was in his ore bed, in reliance upon a plan which he knew was not fully verified, it might properly be found that the charge of fraudulent misrepresentation was sustained, although he believed his statement to be true.

The case of *Milliken* v. *Thorndike*, 103 Mass. 382, bears a considerable resemblance to the present in its facts. That was an action by a lessor to recover rent of a store, which proved unsafe, certain of the walls having settled or fallen in shortly after the execution of the lease. The lessor exhibited plans, and, in reply to a question if the drains were where they were to be according to the plans, said that the store was built according to the plans in every particular; but this appeared by the verdict of the jury to be erroneous. The court said, by Mr. Justice Colt, that the representation " was of a fact, the existence of which was not open and visible, of which the plaintiff [the lessor] had superior means of knowledge, and the language in which it was made contained no words of qualification or doubt. The evidence fully warranted the verdict of the jury."

In respect to the rule of damages, the defendant does not in argument contend that the general rule adopted by the judge was incorrect, but that it does not sufficiently appear what considerations entered into his estimate. No requests for rulings upon this subject were made, and there was no error in the course pursued by the judge.          *Exceptions overruled.*