## JOHN J. ROSENBERG *vs.* JOHN DOE.

Suffolk.   January 21, 1889. — February 28, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Seaman's Wages — Release — Misrepresentation.*

Evidence that, at the time when a foreign seaman, who manifestly could not speak or read English well enough to understand the nature of the instrument, signed a release of wages under U. S. Rev. Sts. § 4552, the shipping commissioner, without reading or explaining the release to him, told him to sign, and that afterwards he could go to the master, who was then absent, will warrant a jury in finding such a misrepresentation of its value and contents as would avoid the release.

CONTRACT by a seaman against the master of a vessel, to recover a balance of wages alleged to be due.   The answer denied liability, and set up a release, executed before a shipping commissioner, under the U. S. Rev. Sts. § 4552.   After the former decision, reported 146 Mass. 191, the case was again tried in the Superior Court, before *Thompson,* J., who allowed a bill of exceptions, in substance as follows.

Evidence was introduced tending to prove the following facts.

The plaintiff was a Finnish sailor, who could not read or write the English language, and spoke it very imperfectly.   In June, 1883, he shipped on the defendant's vessel as a carpenter, for wages at the rate of twenty-eight dollars per month, but subsequently was disrated by the master to the grade of ordinary seaman, and his wages reduced to fifteen dollars per month. Upon his arrival in Boston, at the end of the voyage, the plaintiff went, with others of the crew, before a United States shipping commissioner of the port, the master not being present at the time.   The balance of wages due to the plaintiff was reckoned at the rate of fifteen dollars a month.

The plaintiff expressed dissatisfaction at the amount of the balance due him, claiming his full wages of twenty-eight dollars per month.   The commissioner offered him the balance found to be due him at fifteen dollars per month, and asked him to sign a release, with the rest of the crew, in his book kept for the purpose.   The plaintiff hesitated for ten or fifteen minutes, and

refused to sign the release, but finally accepted the balance offered him, and signed the release. The release, which followed the words of the U. S. Rev. Sts. § 4552, was not read to the plaintiff by the commissioner, nor its legal effect explained to him, but the calculation of his wages, as therein expressed, was explained to him by the commissioner before the plaintiff signed the release. The plaintiff did not ask to have the release read to him, but relied upon what the commissioner told him.

The plaintiff testified that he did not know the contents of the release when he signed it, and did so thinking it was a mere receipt for the money actually received; and that the commissioner told him to sign, and that he could go to the master afterwards. This was denied by the commissioner, who testified that he did not say anything of the sort, and that he did his best to explain the calculation of his wages to the plaintiff, who seemed, when he signed the release, to understand what he was doing.

It appeared that the plaintiff could sign his name, but could not read or write English. The plaintiff did not afterwards go to or attempt to see the master personally, but his counsel wrote him and demanded the balance claimed in this suit.

The defendant requested the judge to rule that the plaintiff could not recover. The judge declined so to rule, and submitted the case to the jury. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*F. Cunningham,* for the defendant.

*J. M. Browne,* for the plaintiff.

HOLMES, J. This is an action by a seaman for wages. One defence is a release under U. S. Rev. Sts. § 4552. *Rosenberg v. Doe,* 146 Mass. 191. When the plaintiff signed the release the master was absent; the plaintiff manifestly could not speak or read English well enough to understand the nature of the instrument; the jury might have found that the commissioner knew that he could not; the commissioner did not read or explain the release to him, but, according to the plaintiff's evidence, told him to sign, and that he could go to the master afterwards. This last evidence was contradicted, but the jury might have believed it. If they did believe it, they were warranted in finding that, under the known circumstances, the

statements of the commissioner were not merely a suggestion that the plaintiff might appeal to the consideration of the master, or a representation of the legal effect of what was known to be a statutory release, but amounted to a representation that the unknown contents of an instrument of unknown nature were such as to leave recourse against the master open. See *Burns* v. *Lane*, 138 Mass. 350, 354; *West Bridgewater* v. *Wareham*, 138 Mass. 305, 306. We do not say that this seems to us the most reasonable view of the evidence, but it was a possible one, and it was for the jury to say whether they would adopt it.

The presumption that the plaintiff knew the law is not a presumption that he knew that this instrument was the statutory release. *Exceptions overruled.*