ALBERT W. WEEKS *vs.* ISRAEL L. CURRIER & another.

Worcester.   October 3, 4, 1898. — October 19, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, BARKER, & HAMMOND, JJ.

*Deed — False Representations — Equity — Alleged Remedy at Law —*
*Writ of Entry — Deceit — Agency.*

A. executed a deed of his land, without inserting the name of the grantee in the blank spaces left for it and delivered it to B., who was the agent of C., and B. afterwards filled the blanks with the name of C., caused D. to write his name as a witness upon the deed, although D. did not see A. or his wife sign it, and then had it recorded in the county in another State, in which the land was situated. A. was induced to sign and deliver the deed by representations of B. that a house and lot in this Commonwealth owned by C., which were in the hands of B. for sale and which were conveyed to A. in exchange for the property described in the deed from A., had recently been sold for thirty-two hundred dollars, were rented for fourteen dollars per month, and had only certain named encumbrances upon them, all of which representations were false, were made by B. as of matters within his personal knowledge, and were relied upon by A. as inducements to make the contract. A. offered to reconvey the property conveyed to him by C., and demanded a conveyance to himself of the property described in the deed delivered to B. *Held,* that relief might be granted to A. in equity to compel a reconveyance, and that the fact that B., to whom C. had conveyed the property fraudulently obtained, had expended some money upon it, did not relieve him from the obligation to return it.

Since the enactment of St. 1877, c. 178, (Pub. Sts. c. 151, § 4,) relief may be had in equity to set aside a deed of real estate procured by fraud, and to obtain a reconveyance. The remedy at law by a writ of entry is concurrent.

Fraudulent representations and oral misstatements made with intent to deceive are not so merged in a written instrument procured by means of them that they may not be made the basis of a decree to set it aside.

If a statement of a fact which is susceptible of actual knowledge is made as of one's own knowledge and is false, it may be made a foundation of an action for deceit without further proof of an actual intent to deceive.

In a suit in equity to compel the reconveyance of property obtained by false and fraudulent representations, a defendant is affected by those representations made by another while acting as his agent, within the scope of his authority. as if he had made them himself.

BILL IN EQUITY, against Israel L. Currier and David A. Curry, filed July 12, 1897, in the Superior Court, seeking to have certain conveyances set aside and for other relief. The defendants filed a demurrer, assigning as grounds therefor: 1. That there was a full, adequate, and complete remedy at law. 2. That

there was no allegation that the alleged insertion of the name of an attesting witness to the execution of a deed was made in fraud. 3. That relief could not be granted by reason of any alleged agreement, representation, or other oral statement, alleged to have been made by Currier or by the plaintiff, before the execution and delivery of the deeds set forth in the bill. The defendants having answered, there was a hearing before *Dewey*, J., who found the facts "so that, if in the opinion of the court the demurrers should be overruled, there still might be a final disposition of the case." The judge, at the request of the parties, reported the case for the consideration of this court, to be disposed of on the demurrer or upon so much of the facts found as were competent, or in such other manner as to the court should seem proper. The findings and all material facts appear in the opinion.

*A. P. Rugg*, for the plaintiff.

*H. Parker*, for the defendants.

KNOWLTON, J. This case comes before us on a report containing a finding of facts, and showing that the defendants joined an answer in demurrer with their answer in matters of fact. The judge found that the plaintiff made a deed of his land which was executed without inserting the name of the grantee in the blank spaces left for it, and was delivered to the defendant Currier. Currier was acting as an agent and broker for the defendant Curry, and afterwards he filled the blanks with the name of Curry, caused one Mulvey to write his name as a witness upon the deed, although Mulvey did not see the plaintiff or his wife sign it, and then caused it to be recorded in the registry in the county in New Hampshire where the land was situated. The judge also found that the plaintiff was induced to sign and deliver it by representations of Currier that a house and lot in Worcester in this Commonwealth owned by Curry, which were in the hands of Currier for sale, and which were conveyed to the plaintiff in exchange for the property described in the deed from the plaintiff, had recently been sold for thirty-two hundred dollars; that they were rented for fourteen dollars per month, and that there were only certain named encumbrances upon the property. All of these representations were false. They were made by Currier as of matters within his personal knowledge,

and they were relied upon by the plaintiff as inducements to make the contract. The plaintiff offered to reconvey the property conveyed to him by Curry, and demanded a conveyance to himself of the property described in the deed delivered to Currier. These facts are all set out in the plaintiff's bill, and the representations are alleged to have been fraudulently made by the defendants.

The principal ground of the demurrer is that the plaintiff cannot have relief in equity because he has a full, adequate, and complete remedy at law. Since the enactment of St. 1877, c. 178, (Pub. Sts. c. 151, § 4,) relief may be had in this Commonwealth in equity to set aside a deed of real estate procured by fraud and to obtain a reconveyance. The remedy at law by a writ of entry is concurrent. *Billings* v. *Mann*, 156 Mass. 203. *Emerson* v. *Atkinson*, 159 Mass. 356, 361. *Nathan* v. *Nathan*, 166 Mass. 294.

Fraudulent representations and oral misstatements made with intent to deceive are not so merged in a written instrument procured by means of them that they may not be made the basis of a decree to set it aside. The demurrer must therefore be overruled.

It follows upon the facts found that the plaintiff is entitled to a decree against the defendants. The false statements found to have been made were material, and, being relied upon, they entered into the substance of the contract. *Medbury* v. *Watson,* 6 Met. 246, 260. *Manning* v. *Albee*, 11 Allen, 520, 522. *Chatham Furnace Co.* v. *Moffatt*, 147 Mass. 403. If a statement of a fact which is susceptible of actual knowledge is made as of one's own knowledge, and is false, it may be made a foundation of an action for deceit without further proof of an actual intent to deceive. *Litchfield* v. *Hutchinson*, 117 Mass. 195. *Burns* v. *Dockray*, 156 Mass. 135. *Chatham Furnace Co.* v. *Moffatt*, 147 Mass. 403. *Milliken* v. *Thorndike*, 103 Mass. 382.

In a suit of this kind a defendant is affected by a false and fraudulent representation, made by another while acting as his agent within the scope of his authority, as if he had made it himself. *Haskell* v. *Starbird*, 152 Mass. 117.

That Currier has expended some money upon the property fraudulently obtained, the same having been conveyed to him by

Curry, does not relieve him from the obligation to return it. *Snow* v. *Alley*, 144 Mass. 546, 552.

The facts found by the judge fully establish the right of the plaintiff to a reconveyance. Without considering the effect of the unauthorized changes made in the deed after it was signed, there must be a                    *Decree for the plaintiff.*