## THE ABERDEEN.

### No. 13416.

District Court, W. D. Washington, N. D.

May 29, 1934.

Winter S. Martin, of Seattle, Wash., for libelant.

Wright, Jones & Bronson, of Seattle, Wash., for respondent.

NETERER, District Judge.

Libelant, a seaman, shipped on the steam whaler Aberdeen for the 1933 whaling season. The shipping articles providing a monthly wage of $32.50 and a bonus for a stated sum for each whale caught. After the season's employment he was discharged at the port of Seattle September 25, 1933, by the Shipping Commissioner, paid the fixed monthly compensation for the season, amounting to $98.07. In addition he earned $79.83 bonus, leaving a balance of $64.75, which was paid to the Seamen's Mission, Seattle, for room and board for the early part of 1933, pursuant to an order of the libelant to the owner of the vessel as follows: "I, the undersigned, having signed up with your company to work in Alaska, do hereby ask that you kindly pay to Rev. E. B. Slettedahl, of the Seattle Seamen's Mission, 107 Columbia Street, Seattle, Washington the sum of Sixty-four ($64.75) Dollars and Seventy Five cents on or before the First day of August, 1933. It is understood that this amount is to be paid out of my earnings as soon as I have earned this amount."

A mutual release was signed, releasing the master, the owner, and the ship for all claim or charges for wages for the voyage.

The issue involves (a) the applicability of section 599, title 46 USCA; (b) fraud or coercion in execution of the mutual release; and (c) whether the "wages" statute has application to bonus. It may be, by way of parenthesis, stated that a separate record was kept of the wages and of the bonus.

The mutual release is conclusive and obviates decision on the other points raised. There is total absence of fraud or coercion, and the second subdivision of section 4552, Rev. St. (46 USCA § 644, subd. 2) controls: "Such release, so signed and attested, shall operate as a mutual discharge and settlement of all demands for wages between the parties thereto, on account of wages, in respect of the past voyage or engagement." Pettersson v. Empire Transp. Co. (C. C. A.) 111 F. 931, 936. The libelant was satisfied, and from the evidence it is shown that he knew of the deduction which he authorized in writing after his employment for payment to the Seamen's Mission for his maintenance for the previous winter. The following cases are conclusive: French v. Shoemaker, 14 Wall. (81 U. S.) 314, 20 L. Ed. 852; Pettersson v. Empire Transp. Co. (C. C. A.) 111 F. 931; Petterson et al. v. U. S. (D. C.) 174 F. 1000; see, also, Rosenberg v. Doe, 146 Mass. 191, 15 N. E. 510; The Pennsylvania (D. C.) 98 F. 744.

Formal order may be presented on notice dismissing the libel.