Louise Jason *vs.* John A. Jason & another.

Suffolk.    March 6, 1933. — January 4, 1935.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Equity Jurisdiction*, To relieve from results of fraud. *Fiduciary. Fraud. Husband and Wife. Equity Pleading and Practice*, Drawing of inferences.

In a suit in equity by a wife against her husband, from whom she had separated, and an attorney at law, the following facts were found by a master: Previous to their marriage, the plaintiff and her intended husband agreed that a deed should be drawn giving her a life estate in certain real estate owned by her, with a remainder to the prospective husband if he should survive her; and an attorney drew deeds from the plaintiff to himself and from himself to her for life and, if she died before the prospective husband, to him. The plaintiff did not understand why there should be an intervening deed to the attorney, and suggested that the defendant attorney should be consulted. The defendant attorney drew new deeds, to be executed after the marriage, from the plaintiff to himself and from himself to the plaintiff and her husband as tenants by the entirety. After the marriage, the deed from the plaintiff to the defendant attorney was presented to her by her husband, who did not inform her that a material change had been made in the deeds, but assured her that the new deeds carried out the agreement between them, and she signed the deed without examination. Later, the defendant attorney executed the other new deed. The differences between the new deeds and the agreement of the parties were without the consent or knowledge of the plaintiff. She had confidence in her husband and believed that the new deeds would carry out the

agreement originally made. There was no finding that the husband knew that his representation in regard to the legal effect of the new deeds was false, or that such representation was made as of his own knowledge. *Held,* that

(1) The husband, both before and after the marriage, stood in a relation of trust and confidence to the plaintiff and was bound to act fairly and in good faith in his dealings with her; and she was entitled to rely on his representations of fact or law if believed without negligence on her part;

(2) The plaintiff was not negligent in believing the representation as to the effect of the new deeds;

(3) From the facts found, it must be inferred that the representation was made by the husband as of his own knowledge;

(4) The husband's misrepresentation in regard to the legal effect of the new deeds was a fraud in law on the plaintiff;

(5) A decree should be entered directing a reconveyance of the real estate to the plaintiff.

BILL IN EQUITY, filed in the Superior Court on January 27, 1931, and afterwards amended, as stated in the opinion.

The suit was referred to a master. Material facts found by him are stated in the opinion. By order of *Qua,* J., an interlocutory decree was entered confirming the report. Successive decrees, entered by order of *F. T. Hammond,* J., are described in the opinion. The plaintiff appealed from all the decrees.

*C. W. Rowley,* (*A. A. Sutherland* with him,) for the plaintiff.

No argument nor brief for the defendants.

FIELD, J. The plaintiff by a deed dated October 18, 1930, conveyed to Collen C. Campbell certain land in Hyannis with the buildings thereon. The plaintiff's husband, John A. Jason, joined in the deed. Collen C. Campbell by a deed dated October 23, 1930, conveyed the same premises "to Louise Jason and John A. Jason, husband and wife, as tenants by the entirety, and not as tenants in common or joint tenants."

The plaintiff brought this suit in equity against John A. Jason and Collen C. Campbell as defendants alleging that the execution of these deeds was procured by the fraud of the defendant John A. Jason, and praying that such deeds "be decreed to be null and void and that the defendant [Jason] be required to execute and deliver to the plaintiff

a suitable deed in such form and manner as to effectually reconvey said property to her as her sole and separate property, and to remove any cloud upon the record title." The defendant Campbell filed an answer disclaiming any interest in the subject matter of the suit or in the real estate in question. The case was referred to a master who made a report which was confirmed. Thereafter an interlocutory decree was entered ordering that unless the plaintiff amended her bill by substituting therefor a new bill of complaint alleging mutual mistake and praying that the deed from the defendant Campbell "be reformed to carry out the original intent of the parties, namely, that Louise Jason should have an estate for life in the premises . . . and that upon her decease the title thereto should vest in John A. Jason in fee," a final decree be entered dismissing the bill, but that if such an amendment was made a final decree should be entered — the defendant Jason having consented thereto — ordering the deed reformed because of mutual mistake of the parties and ordering the defendant Campbell to execute and deliver "a deed conveying a life estate in the premises to Louise Jason and upon her death the remainder in fee to John A. Jason." From this decree the plaintiff appealed, but without waiving her appeal filed a substitute bill of complaint incorporating the stating part and prayers of the original bill and adding an allegation that the deed from the defendant Campbell was the result of a mutual mistake, and a prayer, in the language prescribed in the interlocutory decree, for reformation of this deed. Thereafter a final decree was entered that the deed from the defendant Campbell "be reformed because of the mutual mistake of the parties," and that said defendant execute and deliver a deed in the form prescribed by the interlocutory decree. The plaintiff appealed.

The plaintiff contends that the relief given her by the final decree is not adequate and that she is entitled to a decree that the deeds are "null and void" and to a reconveyance of the premises, or, if she is not entitled to this relief, that she is entitled to have the deed from the defendant Campbell to her and her husband reformed so that the defendant

Jason will take thereunder only a remainder in the premises in question contingent upon his surviving her, and not a vested remainder after a life estate in her.

The facts found by the master include the following: The plaintiff and the defendant Jason are husband and wife. They were married October 12, 1926, and again October 18, 1930, the plaintiff in the meantime having secured a decree of divorce in Nevada. Prior to the second marriage the plaintiff and the defendant Jason in contemplation of such marriage agreed that the plaintiff would pay this defendant an allowance of $100 a month and that, as both the plaintiff and the defendant testified, "a deed was to be drawn giving a life estate" in the premises now in question "to the plaintiff with a remainder in fee to the defendant [Jason], if he should survive the plaintiff." This defendant secured an attorney (John W. Connolly) who went with him to the plaintiff's home and was there told by this defendant the nature of the agreement between the plaintiff and himself. This attorney "explained to both parties that an agreement between husband and wife relative to the payment of $100 monthly was not such an agreement as could be enforced in law. He further advised both parties of the various different forms of deeds that could be drafted through a conduit to carry out the purpose and intent of the parties, and was instructed to draw a deed. Pursuant to said instructions Mr. Connolly drew two deeds, one to himself as a conduit and one from himself to the plaintiff as a life tenant with a remainder to her husband." By the latter deed the attorney granted the premises in question to the plaintiff under the name of Louise Johnson "but if, and not otherwise, said Louise Johnson dies in the lifetime of John A. Jason . . . then upon her death to said John A. Jason." These deeds "expressed fully the agreement entered into between the plaintiff and the defendant [Jason] but . . . the plaintiff did not understand why the original deed ran from her to Mr. Connolly as a conduit and thence returned in a deed from Mr. Connolly to herself and John A. Jason. In consequence of this lack of understanding she suggested that the defendant [Jason] take the two deeds to . . . [the

defendant] Campbell, an attorney . . . to see if they were all right." There was a conference between the defendants. "The defendant [Jason] testified that he saw said Mr. Campbell and came back and reported to his wife that said Mr. Campbell said, 'Those papers are all right; didn't see anything the matter with those papers,' but that he would draw other deeds." But the master found that "Mr. Campbell did not say to John A. Jason that the deeds were all right in every respect as hereinbefore quoted but did say that he did not know whether the deeds of Mr. Connolly hereinbefore referred to were good or not, but that he, Mr. Campbell, would draw deeds that he thought would be satisfactory to all persons." Thereafter the defendant Campbell drew and submitted to the defendant Jason two deeds of the premises in question, one from the plaintiff to the defendant Campbell and the other from the defendant Campbell granting the premises "to Louise Jason and John A. Jason, husband and wife, as tenants by the entirety, and not as tenants in common or joint tenants." Five minutes after the completion of the marriage ceremony on Saturday, October 18, 1930, the deed from the plaintiff to the defendant Campbell was presented to her and without examination on her part, signed. The following Monday the defendant Jason met the defendant Campbell at the office of the town clerk where the latter executed the deed from himself to the plaintiff and the defendant Jason and delivered it to the defendant Jason, who took it and recorded it with the registry of deeds.

The master found that "the changes in the agreement hereinbefore recited as to such conveyance were changed and altered without the consent or knowledge of the plaintiff; that she had confidence in the defendant, John A. Jason, and believed fully that the deeds" in fact prepared by the defendant Campbell, "would carry out the intent and purpose described in the deeds" in fact prepared by Mr. Connolly; "that she did not read before execution the deed from herself to Mr. Campbell and that she did not know the contents of the deed from Mr. Campbell to herself and her husband in the entirety"; that "all conferences with Mr. Campbell were had by the defendant, John A.

Jason, and . . . the substance of such conferences at no time . . . [was] made known to the plaintiff"; and that she "never authorized or empowered the said John A. Jason to change or alter in any respect the language used in the deed from Mr. Connolly to her creating a life estate in her and a remainder to her husband, John A. Jason." The plaintiff and the defendant Jason separated two months after their second marriage and after the separation "the plaintiff sought the services of counsel and then learned for the first time the form and nature of the deed executed by said Mr. Campbell and delivered to her said husband."

The master found that "the deed from Mr. Connolly to . . . [the plaintiff] and her husband fully expressed the terms of the contract between said John A. Jason and the plaintiff and . . . that any change or alteration in the language used in such deed had never been varied, altered or approved by the plaintiff," and that "in the statement made by the defendant, John A. Jason to . . . [the plaintiff] she was led to and did believe that the deed of Mr. Connolly to said plaintiff and defendant was a good deed and relying upon such statement and the confidence that she had in the defendant Jason she did not demand or see the deed from Mr. Campbell to herself and the defendant."

The facts found show fraud on the part of the defendant Jason whereby he obtained from the plaintiff the conveyance to him of an interest in the premises in question different from that which the plaintiff agreed or intended to convey to him.

The interest, a tenancy by entirety, conveyed to the defendant Jason by deeds prepared by the defendant Campbell was a much larger interest in the premises than the interest, a remainder after a life estate in the plaintiff, contingent upon the defendant Jason surviving her, which the plaintiff agreed and intended to convey. See *Splaine* v. *Morrissey*, 282 Mass. 217, 222, and cases cited. And this change of the interest conveyed from the interest agreed and intended to be conveyed was not authorized by the plaintiff.

The defendant Jason, as the husband or prospective

husband of the plaintiff, and the person upon whom she relied to see to it that proper deeds were prepared to carry out the agreement between them, stood in a relation of trust and confidence to her and "was bound to act fairly and in good faith in his dealings with her." In view of this relationship she was entitled to rely on his representations of fact or law if believed without negligence. *Jekshewitz* v. *Groswald,* 265 Mass. 413, 416–417. On the findings the defendant Jason, by his words and acts, with the intention of inducing the plaintiff to execute the deed from herself to the defendant Campbell as a step in the conveyance of an interest in the premises to this defendant, represented to her that the deeds prepared for execution would have the legal effect of carrying out the agreement between them, and she relied on this representation and was induced thereby to execute the deed. See Am. Law Inst. Restatement: Contracts, § 479. And she was not negligent in believing the representation. *Rollins* v. *Quimby,* 200 Mass. 162, 164–166.

The defendant Jason's representation was false. The deeds prepared by the defendant Campbell would not have the legal effect of carrying out the agreement but would have the legal effect of conveying to the defendant Jason a larger interest in the premises than was contemplated by the agreement. A "misrepresentation of the legal effect of a deed or other instrument which has deceived one who had justifiably reposed special trust and confidence in the maker of such representation may constitute . . . [actionable] fraud." *Busiere* v. *Reilly,* 189 Mass. 518, 521. See also *Rosenberg* v. *Doe,* 148 Mass. 560, 562; *Jekshewitz* v. *Groswald,* 265 Mass. 413, 416–417. The present case is within this principle unless it falls outside it because the facts fail to show that the defendant Jason knew that his representation in regard to the legal effect of the deed was false. But the matter was susceptible of actual knowledge. And the defendant Jason was under no misunderstanding, as his testimony disclosed, in regard to the terms of the agreement. Furthermore, he undertook, in behalf of the plaintiff, to procure deeds which would have the legal effect of

carrying out that agreement, consulted a lawyer for that purpose, procured deeds and submitted one of them to the plaintiff for execution by her without informing her that any material change had been made in these deeds from the earlier deeds, which in fact embodied the terms of the agreement and which he told her the lawyer said were "all right." We think that the proper inference to be drawn from all the facts found, without other explanation than is contained in the master's report, particularly in view of the relation of trust and confidence existing between the plaintiff and this defendant, is that the representation made by him by his words and acts in regard to the legal effect of the deeds prepared for execution was made by him as of his own knowledge. (Though the master drew no such inference it is our duty to draw the proper inferences from the specific facts found. *Robinson* v. *Pero,* 272 Mass. 482, 484.) Such a representation made in the circumstances above described is fraudulent. *Milliken* v. *Thorndike,* 103 Mass. 382, 385. *Fisher* v. *Mellen,* 103 Mass. 503, 506. *Chatham Furnace Co.* v. *Moffatt,* 147 Mass. 403. *Bates* v. *Cashman,* 230 Mass. 167, 168.

Since the deed from the plaintiff to the defendant Campbell was obtained by the fraud of the defendant Jason, and the defendant Campbell disclaims any interest in the subject matter of the suit or in the real estate in question, the plaintiff is entitled to a reconveyance of the premises described in the deeds. *Weeks* v. *Currier,* 172 Mass. 53. *Murray* v. *Murray,* 227 Mass. 345. She is not precluded from this relief by reason of the fact that the defendant Jason is her husband. *Lombard* v. *Morse,* 155 Mass. 136. *Frankel* v. *Frankel,* 173 Mass. 214. *Druker* v. *Druker,* 268 Mass. 334, 338, and cases cited.

It follows that the interlocutory and final decrees must be reversed and a final decree entered with costs against the defendant Jason ordering a reconveyance from him to the plaintiff of the premises described in the deeds.

*Ordered accordingly.*