JOSEPH KOZLOWSKI AND MARY HARATONCYK KOZLOW-
SKI, PLAINTIFFS-RESPONDENTS, v. THE PAVONIA
FIRE INSURANCE COMPANY, DEFENDANT-APPEL-
LANT.

Submitted October 25, 1935—Decided January 31, 1936.

195

For the appellant, *Samuel D. Lenox.*

For the respondents, *William Reich, Erwin E. Marshall* and *Linton S. Marshall.*

The opinion of the court was delivered by

Heher, J. The defendant corporation undertook, by its policy of insurance, to indemnify plaintiffs against damage by fire to a certain dwelling house and personal property therein contained. Title to the real estate was in Mary, but there was evidence tending to show that she held an undivided one-half interest therein in trust for her co-plaintiff. They were not lawfully married. Of this more hereafter.

On October 21st, 1930, there was a total destruction of the insured property by fire; and this action is predicated upon a breach of the indemnity undertaking. The challenged judgment was entered on a jury verdict in favor of plaintiffs.

Defendant was allowed a rule to show cause with a reservation of exceptions. including those taken to the denials of its motions for a nonsuit and the direction of a verdict in its favor. One of the reasons urged in support of the motion for a new trial was that the verdict was contrary to the weight of the evidence, but this was abandoned before argument of

the rule, and was specifically excised by the trial judge from the reasons considered by him. The rule was discharged.

Error is now predicated on the trial judge's denials of the motions to nonsuit and direct a verdict. The insistence is that it conclusively appeared that respondents were guilty of fraud and false swearing in the following particulars, viz.: (1) misrepresentation of the *quantum* of fire insurance coverage; (2) a deliberate and willful misrepresentation made to officers of the state constabulary, while they were engaged in an inquiry to determine the origin and cause of the fire, respecting the sum paid to a contractor for labor and material provided in the construction of the insured dwelling, and the amount of such insurance coverage; (3) "concealment or misrepresentation" of the facts that respondents were not lawfully married, and were living in a state of adultery; (4) an untrue statement of the interest of plaintiffs in the insured property; and (5) "fraud and false swearing" after the loss as to the source and cost of certain items of construction and personal property, and the relationship between plaintiffs.

The condition of the policy asserted to have been thus breached is in the following language:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

"Misrepresentation" or "concealment" of a fact material to the risk made the subject of insurance, within the intendment of this condition of the policy, must be fraudulent in character. While there is authority for the view that an intent to deceive is not requisite where the representation is made with knowledge of its falsity, it seems to be the settled rule in this jurisdiction that the misrepresentation, to avoid the policy, must be tainted with the fraudulent purpose to deceive. The accepted definition of misrepresentation is "the statement of something as a fact, which is untrue in fact, and which the assured states, knowing it to be not true, with an intent to

deceive the underwriter, or which he states positively as true, without knowing it to be true, and which has a tendency to mislead, such fact in either case being material to the risk." *Kerpchak* v. *John Hancock Mutual Life Insurance Co.,* 97 *N. J. L.* 196; *Prahm* v. *Prudential Insurance Co.,* 97 *Id.* 206; *Guarraia* v. *Metropolitan Life Insurance Co.,* 90 *Id.* 682; *Daniels* v. *Hudson River Fire Insurance Co.,* 12 *Cush.* (*Mass.*) 416; 26 *C. J.* 154; 14 *R. C. L.* 1021. The *positive* statement of something as a fact without knowledge that it has a factual basis seems to be the equivalent of willful deception, and connotes moral or conscious fraud within the intendment of this definition. This court has held that a fraudulent purpose is implicit therein. *Kerpchak* v. *John Hancock Mutual Life Insurance Co., supra; Prahm* v. *Prudential Insurance Co., supra.* And such seems to be the holding also of Chief Justice Shaw in *Daniels* v. *Hudson River Fire Insurance Co., supra,* one of the earlier cases in which this definition was laid down. This would seem to be a doctrine grounded in reason and logic. If an intention to deceive is essential where the representation is made with knowledge of its falsity, it is equally so when a *positive* statement as a fact of a matter or thing susceptible of actual knowledge is made without knowledge of its truth. Fraud may be inferred from the representation as a fact of something which its maker does not know to be true. The fraud consists in professing to have knowledge of that of which he in fact is consciously ignorant. *Hexter* v. *Bast,* 125 *Pa.* 52; 17 *Atl. Rep.* 252; *Chatham Furnace Co.* v. *Moffatt,* 147 *Mass.* 403; 18 *N. E. Rep.* 168.

"Concealment" is the designed and intentional withholding of a fact material to the risk, which the assured, in honesty and good faith, ought to communicate to the underwriter. While there is authority for the view that the intention is immaterial where the concealment relates to a matter made the subject of a specific inquiry, it seems to be the settled rule that, where no inquiry is made, the concealment must be tainted with a fraudulent intent. *Brighton* v. *North River Insurance Co.,* 106 *N. J. L.* 10; 14 *R. C. L.* 1025; 26 *C. J.* 156, 157. "Mere silence on the part of the assured, espe-

cially as to some matter of fact which he does not consider it important for the underwriter to know, is not to be considered as such concealment. *Aliud est celare, aliud tacere."* *Daniels* v. *Hudson River Fire Insurance Co., supra.*

And the fact misrepresented or concealed is to be regarded as material, if the knowledge or ignorance of it would naturally and reasonably influence the judgment of the insurer, in determining whether to undertake the risk, or in estimating its degree or character, or in fixing the rate of the premium. *Kerpchak* v. *John Hancock Mutual Life Insurance Co., supra; Daniels* v. *Hudson River Fire Insurance Co., supra.*

And it goes without saying that, to work a forfeiture of the policy upon the ground of "fraud or false swearing," it must appear that the assured "knowingly and intentionally swore falsely, or said or did that which is claimed to be fraudulent." Willfulness is an indispensable element. Mere mistake in the statement purporting the facts or an over-valuation of the insured property, is not enough. The erroneous statement or over-valuation must have been made with a fraudulent intent. *Carson* v. *Jersey City Insurance Co.,* 43 *N. J. L.* 300; affirmed, 44 *Id.* 210; *Prahm* v. *Prudential Insurance Co., supra; Knight* v. *Boston Insurance Co.,* 113 *Id.* 132.

This is an affirmative defense, and the burden of proof is upon him who asserts it. The inquiry is ordinarily one for the jury. Where there is a lack of conclusive and unquestioned proof of the existence of all the elements requisite to establish the defense thus interposed in avoidance of the policy, the issue is within the exclusive province of the triers of the facts. To justify withholding the issue from the jury, there must be no rational theory upon which that tribunal might resolve it in favor of the assured. *Carson* v. *Jersey City Insurance Co., supra; Prahm* v. *Prudential Insurance Co., supra; Knight* v. *Boston Insurance Co., supra; Public National Bank of New York* v. *Patriotic, &c., Co.,* 105 *N. J. L.* 477.

So tested, the evidence presented issues for the determination of the jury. Moral or conscious fraud by the assured did not conclusively appear. Whether a fraudulent motive

induced the making of the claimed representations respecting the source, character and cost of the insured property, falls naturally and logically into the category of matters that are reasonably the subject of divergent inferences. As to the asserted fraudulent concealment of the amount of existing fire insurance, and the relationship between the respondents, no inquiries respecting these matters were propounded to respondents, nor were they in any wise put upon notice that these were regarded by the insurer as matters material to the risk, and therefore charged with the duty of communicating such information. Information not requested is ordinarily presumed to be immaterial. *Stipcich* v. *Metropolitan Life Insurance Co.*, 277 *U. S.* 311; 48 *S. Ct.* 512; 72 *L. Ed.* 895. The burden of proving that the representation related to a matter material to the risk is upon the insurer, and is ordinarily a question of fact for the jury. *Daniels* v. *Hudson River Fire Insurance Co., supra.* And there was evidence that the insurer's agent advised plaintiffs that the *quantum* of the insurance coverage was immaterial, and that over-insurance would merely place an unnecessary financial burden upon respondents, inasmuch as they would be entitled, in the event of a destruction of the property, to the replacement value only.

There was evidence also that the interest of the respondents in the insured property was truly stated. An equitable title or interest of such a character that, if the property be destroyed, loss will necessarily result to the assured, is an insurable interest, and the latter has the same right of recovery under the policy as if he had the legal title. *Franklin Fire Insurance Co.* v. *Martin,* 40 *N. J. L.* 568; *Martin* v. *State Insurance Co.,* 44 *Id.* 485.

It is to be remarked here that these respondents are immigrants who have a limited knowledge of the English language. Joseph did not have the gift of facile expression in the language of his adopted country, while Mary required the services of an interpreter.

Finally, it is urged that these motions should have been granted because the testimony of the two respondents "created an unreasonable and contradictory story," and a verdict in their favor would necessarily "inure to the benefit" of one

whose evidence in material matters was rejected. What we have said is largely dispositive of this question. It suffices to add that discrepancies and contradictions in the testimony adduced by respondents furnish no ground for disposing of the issues as a matter of law, so-called. Such a motion is the equivalent of a demurrer to so much of the evidence as is favorable to the plaintiff; its verity in point of fact is admitted for the purpose of denying its sufficiency in law. *Kaufman* v. *Bush,* 69 *N. J. L.* 645; *Schreiber* v. *Public Service Railway Co.,* 89 *Id.* 183; *Hayward* v. *North Jersey Street Railway Co.,* 74 *Id.* 678.

It is next urged that the verdict was "against the weight of the evidence." This points to no judicial action reviewable on error.

Lastly, it is maintained that the trial judge erred in permitting respondent Joseph, over objection, to testify to the source of the purchase price of the insured property. It is said that thereby the respondents were permitted "to contradict their own bill of particulars," and "by parol evidence to vary the effect of a recorded deed of conveyance." Neither ground was urged in support of the objection made in the court below; the ground asserted was the immateriality of the evidence. In that situation, appellant loses the benefit of its exception; the grounds here urged cannot be raised for the first time on appeal. *Feldman* v. *Jacob Branfman & Son, Inc.,* 111 *N. J. L.* 37. Moreover, assuming that the point thus made is well taken, appellant's substantial rights were in nowise invaded, and the ruling consequently furnishes no ground for reversal. *Klie* v. *Hollstein,* 98 *Id.* 473.

Judgment affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.

*For reversal*—None.