PHILIP J. REARDON & others *vs.* ANN C. REARDON & another.

Essex.   November 9, 1916. — November 28, 1916.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Trust,* Constructive.  *Equity Pleading and Practice,* Inferences from facts found by master.

In a suit in equity by four children of a deceased father against their mother and sister to establish a trust for the plaintiffs' benefit in certain real estate conveyed by the father in contemplation of his death and contrary to the provisions of his will to the mother and conveyed by her to the defendant daughter, a master found that the mother, learning that the father by his will had provided that the property, after a life estate given to her, should be divided equally among his children and that a power given to her to mortgage it was conditioned upon her gaining the approval of her son, one of the plaintiffs, by impressing upon the father "that she had worked hard in her younger days and did not care how hard she worked . . . had really slaved in her younger days to keep a roof over her head," had persuaded him to convey the property to her absolutely by deed, she orally agreeing that she "would use the children alike" and he making the conveyance because of such agreement and relying upon it.  A judge who heard the suit upon the master's report found as an inference of fact that the words, "use the children alike," did not mean and were not intended to mean an agreement by the mother to dispose of the property equally among the children or even to the children at all.  *Held,* that the inference was a logical conclusion from the facts found by the master and was justified.

Further findings in the above suit, to the effect that the conveyance by the mother to the defendant daughter was not due to fraud or undue influence but to a desire on the mother's part to prefer the daughter because of care given to her by the daughter and because she thought she might do so without injustice to the other children, also were *held* on the reported testimony and the findings of the master to be warranted; and it *also was held,* that no constructive trust was established and that a decree dismissing the suit must be affirmed.

BILL IN EQUITY, filed in the Superior Court on May 26, 1914, and afterwards amended, by four of the five children of Jeremiah Reardon, deceased, against Ann C. Reardon, his widow, and Anastatia D. Reardon, his daughter, seeking to establish a con-

structive trust in certain real estate conveyed by Jeremiah to Ann previous to and in contemplation of his death, and later conveyed by Ann to Anastatia.

The suit previously was before this court upon a demurrer to the bill by the defendant Anastatia, when, upon a report by *Morton,* J., this court ordered in a decision reported .in 219 Mass. 594 that, upon the filing of an amendment by the plaintiffs, the demurrer should be overruled.

The amendment was filed and the suit was referred to a master, and afterwards was heard by *Raymond,* J., upon the master's report without the introduction of further evidence. Material findings of the master and inferences drawn by the judge therefrom are described in the opinion. The master's report was confirmed and a final decree was ordered dismissing the bill. The plaintiffs appealed.

*G. Newhall,* (*J. M. Harney* with him,) for the plaintiffs.

*H. R. Mayo,* for the defendants.

PIERCE, J. No exception was taken to the master's report, and, with the inferential facts found by the judge in response to the request of the plaintiffs to report the material facts, under R. L. c. 159, § 23, it establishes the following facts: On July 18, 1904, Jeremiah Reardon, being then seised of certain real estate, made a will leaving said real estate to his wife for life and after her death to his children, share and share alike. The wife, Ann C. Reardon, was nominated executrix and was empowered to mortgage the real estate and to make necessary repairs or desired improvements with the written consent of the plaintiff, Philip J. Reardon.

Previous to their deaths, Jeremiah and Ann lived upon the estate with their unmarried daughter, Anastatia. All the other children were married and living away from their father's house. Neither Mrs. Reardon nor any of the children, except Philip, knew of Mr. Reardon's purpose to make a will until after its execution. Before Mr. Reardon's death, his wife learned of the contents of the will and was very much dissatisfied with the provision requiring her to procure Philip's consent in mortgaging the property. The wife requested her husband to convey the property to her, impressing upon him "that she had worked hard in her younger days and did not care how hard she worked; that she had really slaved in

her younger days to keep a roof over her head." The husband was persuaded and conveyed the property to his wife on June 14, 1905.

Upon conflicting oral testimony the master finds that the wife "made, in substance, an agreement that, if he would deed the property to her, she would use the children alike; and that he transferred said property to her because of said agreement and relying upon it." As a supplementary inference of fact, made necessary by the absence of a finding of fact by the master, the judge found that the words "use the children alike," or equivalent words, "did not mean, and were not understood to mean, any agreement to dispose of the property equally among the children or even to the children at all." While it might well have been inferred from all the circumstances, including the terms of the will of the husband, that the agreement to "use the children alike" had reference to and was intended to provide for an equal division of such property as remained unexpended at the death of the wife, nevertheless, when consideration is given to the natural, just and legitimate claim of the wife that she should have the property which the husband possessed as the fruit of his and her joint labor and sacrifices, and that she should be left to deal fairly and justly with those of her own flesh and blood, and when regard is had to the fact that the agreement in dispute is meagre, is bare of words of certainty, and is capable of diverse interpretations, the inference of fact drawn by the judge, as a logical conclusion from the facts found by the master, was justified. *American Circular Loom Co.* v. *Wilson,* 198 Mass. 182, 200. *Smith* v. *Kenney,* 213 Mass. 6. *Fairbanks* v. *McDonald,* 219 Mass. 291.

With the finding that there was no agreement to dispose of the property equally among the children, the remaining facts warranted the finding of the judge and of the master "that both Jeremiah Reardon and his wife, at the time of this conveyance, understood that the property was to be absolutely Ann C. Reardon's, and that she was to have full power of disposing of the property as she saw fit."

The finding of the judge and of the master "that the deed conveying said real estate to Anastatia was made by her [Ann] voluntarily without being unduly or improperly influenced thereto by Anastatia and that she so made it because she desired to prefer

Anastatia on account of the care she had been given by her daughter for many years and because she thought she might do this without injustice to the other children, and that at the time of making said deed she was of sound mind," cannot be said to be clearly wrong, as it is supported by reported testimony and by subsidiary facts. *Harvey-Watts Co.* v. *Worcester Umbrella Co.* 193 Mass. 138, 142, and cases cited.

We do not find it necessary to decide whether a constructive trust could be enforced were the facts such as they are claimed to have been by the plaintiff. See *Basford* v. *Pearson*, 9 Allen, 387; *Twomey* v. *Crowley*, 137 Mass. 184; *Moran* v. *Somes*, 154 Mass. 200; Ames Lectures on Legal History, 429, 431. Compare 12 Mich. Law Rev. 444. The facts as found do not establish an express or constructive trust and the decree must be affirmed.

*So ordered.*