ABRAHAM S. BEARSE *vs.* MAX LEBOWICH & others.

Suffolk.    November 19, 20, 1919. — January 9, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Evidence,* Of agreements while litigation is pending, Inferences. *Contract,* Validity, Rescission. *Equity Pleading and Practice,* Bill, Amendment, Supplemental bill, Report: inferences from facts found by master. *Mortgage.*

In a suit in equity, the plaintiff sought to enjoin the defendant from foreclosing a mortgage, given by the plaintiff to secure the debt of a third person, and for an accounting. A decree was entered dismissing the bill, from which the plaintiff

appealed. Pending the determination of the appeal, the plaintiff and the defendant made a new contract containing provisions for new financial arrangements between the parties, and also a fifth provision that, if, as a result of the appeal, "a new trial is had," neither party should "be allowed to put in evidence on any matters occurring subsequent to the former trial" and a sixth provision that, if the final decree after rescript should affirm the decree appealed from or should modify that decree to the extent that the defendant should have full or partial rights under his mortgage, he should retain such rights as security for the new agreement which had been made between himself and the third party. The rescript directed that the defendant should not foreclose the mortgage until he had applied upon the debt owed him by the third party the proceeds from certain other securities furnished him by the third party. The bill then was amended to include allegations as to the new financial arrangements and claims of further credits by the plaintiff, and the case was referred to a master. *Held*, that

(1) The proceedings following the rescript were governed by the sixth paragraph of the new contract made between the parties;

(2) The new agreement made between the plaintiff and the defendant was admissible in evidence before the master;

(3) The amount due to the defendant from the plaintiff was to be determined as of the final stating of the account, and was not limited to the condition of the account at the time the suit was instituted.

The new agreement between the defendant and the third party, referred to in the agreement made *pendente lite* between the plaintiff and the defendant as above described, fixed the indebtedness of the third person to the defendant at $10,000. The amount of that indebtedness in fact was $8,000. If the plaintiff was bound by the agreement between himself and the defendant made *pendente lite*, he was bound by the statement of the amount of the indebtedness. He contended that he was induced to execute the agreement through fraud of the defendant. *Held*, that such a contention was open to the plaintiff under the prayers of the bill without the institution of a separate suit to set aside the agreement or an amendment in the nature of a supplemental bill.

Upon a report and reservation of a suit in equity by a judge of the Superior Court after the confirmation of a master's report, without a further finding of facts or drawing of inferences by the judge, this court has power to make such supplementary inferences of fact as are justified by the findings of the master.

It appeared that, before the plaintiff made the agreement with the defendant *pendente lite*, above described, he made efforts to see the books and accounts of the defendant for the purpose of ascertaining the amount then due from the third person to the defendant, but that the defendant represented to him that the indebtedness had been carefully computed and that the account stated in the new agreement with the third party was correct, and that he prevented the plaintiff from making an examination to ascertain whether the statement was correct. There were material errors in the computations. The defendant did not intend to defraud the plaintiff. *Held*, that, since the representation made by the defendant was of facts as of his own knowledge, was false and was believed and relied on by the plaintiff in making the agreement *pendente lite*, the plaintiff was not bound by that agreement nor by any provisions of the new agreement between the defendant and the third party.

The right of rescission of a contract which arises by reason of its execution having been induced by a misrepresentation of fact is not confined to that part of the contract to which the misrepresentation relates, but upon such rescission the contract is abrogated in its entirety.

A mortgagee is not entitled to charge against a mortgagor an amount paid to an attorney at law for services rendered, not in the foreclosure proceedings, but in defence of a suit in equity brought and successfully prosecuted by the mortgagor to enjoin the foreclosure and for an accounting.

BILL IN EQUITY, filed in the Superior Court on November 22, 1910, and afterwards amended, against Max Lebowich, Jacob Lebowich and Samuel Lebowich, seeking to restrain the defendants Max and Jacob Lebowich from proceeding with a foreclosure of a mortgage given by the plaintiff to secure an obligation of a partnership doing business as Flashman Brothers.

The case previously was before this court and a decision was made, which is reported in 212 Mass. 344. Proceedings following that decision are described in the opinion. The report of a master to whom the case then was referred was confirmed by *Chase*, J., who reserved and reported the case, without further findings, for determination by this court.

*A. K. Cohen*, (*M. E. Bernkopf* with him,) for the plaintiff.

*P. N. Jones*, for the defendants.

JENNEY, J. A partnership known as Flashman Brothers was in bankruptcy, and made an offer of composition with its creditors. To carry this offer into effect, it was necessary to procure about $13,000, and application for that amount was made to Max Lebowich, a money lender, hereafter called the defendant. While willing to furnish the money, he required more security than Flashman Brothers could give. Finally the plaintiff agreed to give additional security, and for that purpose delivered to the defendant an assignment of a lease and his own promissory note secured by mortgage of real estate. It has been decided (*Bearse* v. *Lebowich*, 212 Mass. 344, where the facts are more fully set out) that the defendant and his son Jacob, who holds title merely for his benefit, should be enjoined from the foreclosure of the mortgage until the security given by Flashman Brothers has been marshalled and applied. An interlocutory decree has been entered to that effect.

After this decision, the plaintiff's bill was amended by the insertion of allegations in effect that since the bill had been

filed, the defendant had entered into two agreements, hereafter referred to, by which he had agreed to apply certain moneys in payment of the indebtedness of Flashman Brothers to him; and that he ought to be compelled to credit any amounts received thereunder on that indebtedness.

The partnership has been dissolved, and Simon Flashman, one of the partners, has continued the business. Pending the former decision an agreement under seal was made between the defendant and Simon Flashman, and another sealed agreement was made between the plaintiff and the defendant, both being dated December 20, 1911. The first cancelled the original agreement under which the loan was made by the defendant to Flashman Brothers. By its terms the parties agreed that there was due from Simon Flashman to the defendant $10,494.68, which amount Flashman was to pay in instalments and with interest at the rate of ten per cent per annum. Payment was secured by chattel mortgages, and assignments of claims and of a lease. It was further provided that the defendant did not waive any right under the mortgage given by the plaintiff to him as collateral security. The second was made contemporaneously with the first, to which it referred; and it "cancelled and annulled" the original agreement between the plaintiff and the defendant except as expressly provided therein. Its terms, so far as material to the questions now involved, are hereafter set forth.

Although the indebtedness of Simon Flashman was fixed in the first agreement as $10,494.68, the amount rightfully determined, for which the plaintiff's note, mortgage and lease were held as security, was $8,420.10, unless the larger amount is binding on the plaintiff because of the agreements of December 20, 1911. If the larger amount prevails, on August 7, 1913, there was due the defendant $3,615.54; if the lesser, a much smaller sum; both amounts being subject, however, to deductions on account of the Burkhardt claim and Cohen note, hereinafter described.

On the day these agreements were made, for the purpose of further securing his indebtedness to the defendant, Simon Flashman procured the assignment to the defendant of a claim of the Burkhardt Brewing Company against him and of a note given by him to one Cohen. It is unnecessary to consider these in detail. As a result of the transactions in regard to the claim and note,

the defendant concedes that the plaintiff is entitled to a credit, because of the Burkhardt assignment, of $345, and, because of the Cohen note, of $446. The plaintiff argues that the amounts credited should be much larger, but it is unnecessary to consider the questions involved in this claim because they do not affect the result.

The main question is, whether the plaintiff is bound by the agreement of December 20, 1911, between Simon Flashman and the defendant. The agreement between the plaintiff and the defendant of that date contains the following provisions:

" (5) It is further agreed that if as the result of rescript from the Supreme Judicial Court in said case, a new trial is had, that neither party shall be allowed to put in evidence on any matters occurring subsequent to the former trial, and that no subsequent negotiations, conversations, attempts at settlements, understandings, including the present written agreement, shall be referred to or used by either party.

" (6) It is further agreed and understood that should the final decree after rescript from the Supreme Judicial Court affirm the decree of the Superior Court in favor of said Max Lebowich, or modify said decree to the extent that said Max Lebowich shall have full or partial rights under said mortgage for his security, that such full or partial rights in said mortgage shall be held by him as security for the new written agreement between him and the said Simon Flashman, dated December 20th, 1911."

The admissibility of this agreement is open under the master's report, — the plaintiff contending that, under the paragraph first quoted, it should not be considered, and the defendant contending that the proceedings, since the prior rescript, have been under the paragraph last quoted, which contention is adopted, with the result that said agreement is properly in the case, the restriction as to its use under the first of these paragraphs being inapplicable. In any event, the plaintiff's bill is in the nature of a proceeding for an accounting to determine the amount, if any, for which the defendant is entitled to hold the security given him by the plaintiff; and the plaintiff is not limited to the condition of the account at the time the suit was instituted, and the amount due is to be determined as of the final stating of the account. *Ensign* v. *Faxon*, 229 Mass. 231.

If, under the agreement between them, the defendant is authorized to hold the plaintiff's mortgage as security for the amount as determined under the agreement between Simon Flashman and the defendant, the plaintiff is not entitled to relief except on the payment thereof. *Whitney* v. *Metallic Window Screen Manuf. Co.* 187 Mass. 557, 560. In express terms, the plaintiff assented to the agreement between Simon Flashman and the defendant and agreed that the defendant might retain his mortgage as collateral security for the performance thereof. This agreement fixed the indebtedness of Flashman to the defendant at $10,494.68, and if binding on the plaintiff, defines and limits his right to relief except in accordance with its terms. The plaintiff argues that he is not bound by this agreement because it was obtained by fraud. It was not necessary for the plaintiff to proceed to set aside the agreement by an independent suit, or by an amendment in the nature of a supplemental bill, and evidence was admissible to prove his contention of fraud, for the purpose of avoiding his agreement. *Trambly* v. *Ricard*, 130 Mass. 259. *O'Donnell* v. *Clinton*, 145 Mass. 461. *Bliss* v. *New York Central & Hudson River Railroad*, 160 Mass. 447.                          s

The contention of fraud is twofold. The first misrepresentation claimed relates to the rate of interest charged, which is fixed in the agreement at ten per cent, although a secret collateral agreement was made in effect making the rate twelve per cent. It already has been decided that the defendant's right to hold the plaintiff's mortgage had not been lost by reason of an understanding between the parties increasing the rate of interest; but the security cannot be surcharged by reason of the change. *Bearse* v. *Lebowich, supra.* See also *Cambridge Savings Bank* v. *Hyde*, 131 Mass. 77; *Boutelle* v. *Carpenter*, 182 Mass. 417. It is not necessary to pass upon this contention in view of our conclusions as to other features of the case. The second misrepresentation charged relates to the amount of the indebtedness. The case is here on report from a justice of the Superior Court, who made no findings of inferential facts based upon the master's findings, and who entered no decree. This court has the power to make such supplementary inferences of fact as may be justified by the findings of the master. *Fairbanks* v. *McDonald*, 219 Mass. 291. *Rioux* v. *Cronin*, 222 Mass. 131. *Reardon* v. *Reardon*, 225 Mass. 255. The master found that "Dur-

ing the negotiations preceding and relating to the execution of these two last mentioned agreements, the plaintiff made efforts to see the books and accounts of said Max Lebowich for the purpose of determining the correct amount then due. The plaintiff went to the place of business of said Max Lebowich and requested of the latter that he be allowed to see the latter's books and accounts in relation to this indebtedness, but said defendant, Max Lebowich, told him that he and his son, the defendant, Jacob Lebowich, had been all over the accounts and everything was all right, and that the amount stated in the said agreement, a copy of which is hereto annexed and marked Exhibit 3, was the correct amount then due, and he did not allow the plaintiff to examine his said books and accounts." The defendant in effect represented to the plaintiff as a fact that the indebtedness had been carefully computed and that the amount given in his agreement with Simon Flashman was correct, and he prevented an examination for the purpose of ascertaining whether his statement was accurate. Apart from the change in interest referred to in the previous decision, of which change the plaintiff knew but by which he was not bound, the interest was not correctly figured and five credit items on account of principal were wholly omitted in computing the account. The omission of these items also affected the amounts properly chargeable for interest. Although it is found, and therefore must be assumed, that there was no actual intent to defraud the plaintiff, clearly the representation made was a statement by the defendant of material facts which were susceptible of knowledge. It was made as of the defendant's own knowledge, and was in fact untrue. It is equally clear that the plaintiff, who was not permitted to make any examination, acted on this representation and believed it to be true. The plaintiff therefore is not bound by the agreement, and the amount actually due is open for determination in this proceeding. *Page* v. *Bent,* 2 Met. 371, 374. *Chatham Furnace Co.* v. *Moffatt,* 147 Mass. 403. *Weeks* v. *Currier,* 172 Mass. 53. *Bates* v. *Cashman,* 230 Mass. 167.

The defendant, however, claims that this representation affects the contract in which it is contained only as to the amount of the indebtedness, and that the defendant is entitled to receive the interest stated in the agreement obtained by his misrepresentation, rather than that specified in the original contract. But where a

contract is rescinded, it is abrogated in its entirety, and the parties are restored to the status existing before it was made. *Miner* v. *Bradley,* 22 Pick. 457. *O'Shea* v. *Vaughn,* 201 Mass. 412.

It is not necessary to consider the effect of this representation except as it relates to the amount for which the defendant is entitled to hold the plaintiff's mortgage, and *Winsor* v. *Mills,* 157 Mass. 362, even if in any way pertinent, is not within the intendment of this decision. The plaintiff does not base the relief sought on this agreement, and the defendant has the benefit of all the provisions of his original contract with the plaintiff and therefore is in "a legal sense put *in statu quo.*" *Long* v. *Athol,* 196 Mass. 497, 506. *O'Shea* v. *Vaughn, supra. Putnam* v. *Bolster,* 216 Mass. 367. *Blodgett* v. *Ahern,* 217 Mass. 262. There is nothing in the master's report upon which an argument of ratification properly can be based.

The defendant claims that the plaintiff is chargeable with the amount paid by him to an attorney for legal services in this case, but not paid as foreclosure expenses. These counsel fees were incurred in an unsuccessful resistance to the plaintiff's rights as determined by this court and should not be allowed either as fees or by way of damages. *Fitzgerald* v. *Heady,* 225 Mass. 75. *Sears* v. *Nahant,* 215 Mass. 234.

Disregarding the agreement of December 20, 1911, and basing the accounting on the actual indebtedness for which the plaintiff's security was given and deducting the payments made after said agreements were made, there was due the defendant $706.32; but the amounts with which it is agreed that the defendant is chargeable on the Burkhardt claim and the Cohen note more than meet this balance; and, the indebtedness having been satisfied so far as chargeable on the plaintiff's security, he is entitled to a decree with costs for the cancellation of the note, mortgage and assignment of lease, for the delivery of the same to him, and to an injunction restraining the defendants Max Lebowich and Jacob Lebowich from asserting any right in and to the security given to Max Lebowich by the plaintiff. As no relief is necessary against Samuel Lebowich, the bill should be dismissed against him without costs.

*Ordered accordingly.*