SANFORD WALLIN *vs.* CARL G. FREDIN.

Suffolk.   March 31, 1922. — April 13, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Equity Jurisdiction,* Partnership accounting. *Equity Pleading and Practice,* Inferences from facts found by a master, Master's report.

A suit in equity for an accounting was referred to a master who found that the plaintiff and the defendant had agreed to arrange a series of eight concerts in March, 1920, and a concert or concerts in April or May under their joint management, the profits or losses to be divided equally; that in Bridgeport on March 28, 1920, after the last of the eight concerts had been given, the defendant told the plaintiff "that he was through with the plaintiff and would not go

on with" a concert in Hartford on April 13 for which the plaintiff had engaged a hall, whereupon the plaintiff stated that, if the defendant would not give the concert jointly with him, the plaintiff would manage the concert himself; that on March 29 the defendant telegraphed to the plaintiff that the defendant would "run Hartford" by himself; that a concert was arranged by the defendant and given in Hartford on April 11 and no concert was given on April 13, and that, exclusive of the concert of April 11, the plaintiff was indebted to the defendant upon an accounting in the sum of $104.37. After confirmation of the master's report the suit was heard by a judge who found that it was a fair inference from the facts found by the master that on March 28 the plaintiff assented to the termination of the partnership "and then announced that he should go forward with a concert at Hartford on his own account, not that he should hold the defendant to the presentation of the concert as unfinished partnership business;" that the defendant was entitled to give the concert in Hartford on his own account; and the judge ordered a final decree for the defendant for the sum of $104.37 with interest. *Held,* that

(1) It was plain that, if the contract of partnership was terminated as a result of the conference of March 28 in Bridgeport, the plaintiff was not entitled to an accounting relating to the last concert given;

(2) The inferences of fact drawn by the judge from the facts found by the master were not plainly wrong and must stand.

BILL IN EQUITY, filed in the Superior Court on April 7, 1920, alleging an agreement of copartnership between the plaintiff and the defendant in an enterprise known as the Madame Klaussen Concerts and a breach of the agreement by the defendant; and praying for specific performance of the agreement and for an accounting.

In the Superior Court the suit was referred to a master. Material findings of the master are described in the opinion. The report of the master was confirmed and the suit thereafter was heard on the merits by *Wait,* J., who made findings described in the opinion and by whose order a final decree was entered that there was "due the defendant from the plaintiff on the accounting the sum of $104.37 with interest thereon from April 7, 1920," which sum the plaintiff was ordered to pay to the defendant forthwith. The plaintiff appealed.

*J. J. Cummings,* for the plaintiff.

*W. B. Feiga,* for the defendant.

CROSBY, J. This is a bill in equity for an accounting between partners. The case was referred to a master who found that in July, 1919, the parties agreed to arrange for a series of concerts to be given by one Madame Klaussen, a Swedish singer, provided her services could be secured at a price and under condi-

tions satisfactory to them; that later she was engaged to sing at eight concerts in New England to be given during the last two weeks of March, 1920, for $2,000; that the concerts were given in eight New England cities; and that the parties to the contract were to share equally in the profits and losses resulting from the enterprise.

He further found that it was agreed between the plaintiff and the defendant, if they could secure the services of Madame Klaussen for any concert or concerts in New England to be given during April or May, 1920, at a price and in places satisfactory to them, that such concerts should be given under their joint management, and the profits and losses thereof should be divided equally; that in accordance with this agreement the plaintiff engaged a hall in Hartford, Connecticut, for the purpose of giving a concert on the evening of April 13, 1920, which arrangement was made with the knowledge and consent of the defendant.

The master also found that on March 28, 1920, after the last of the eight concerts had been given, in Bridgeport, Connecticut, the parties had an interview at which the plaintiff paid the defendant $500 on account of his share of the profits to date, and that after the money was paid the defendant told the plaintiff "that he was through with the plaintiff and would not go on with the concert . . . in Hartford, on April 13, 1920. The plaintiff thereupon stated that if the defendant would not give the said concert jointly with him as agreed, he, the plaintiff, would manage the concert himself. They then arranged to meet a few days later and settle up in full for all the eight concerts." The next day the defendant sent the plaintiff a telegram stating that after the settlement for the eight concerts, their relations would be at an end and that he would "run Hartford" by himself. He then engaged Madame Klaussen to sing at a concert in Hartford on April 11, 1920, and it was given on that date by the defendant independently of the plaintiff. The concert arranged by the plaintiff for April 13, 1920, was not given.

The master found that the eight concerts ending on March 28, 1920, resulted in a loss after the payment of expenses, and that excluding the net proceeds of the Hartford concert the plaintiff is indebted to the defendant upon an accounting in the sum of $104.37.

After confirmation of the master's report, the case was heard by a judge of the Superior Court who found that it was a fair inference from the facts found by the master that at the conference of the parties in Bridgeport, the plaintiff assented to the termination of the partnership "and then announced that he should go forward with a concert at Hartford on his own account, not that he should hold the defendant to the presentation of the concert as unfinished partnership business;" that the defendant was entitled to give the concert in Hartford on his own account; and ordered a final decree to be entered for the sum of $104.37 with interest from the date of the filing of the bill.

It is plain that if the contract of partnership was terminated as a result of the conference on March 28, 1920, in Bridgeport, the plaintiff was not entitled to an accounting of the proceeds of the last concert given in Hartford.

As we are unable to say that the inferences of fact drawn by the judge from the facts found by the master are plainly wrong, they must stand. *American Circular Loom Co.* v. *Wilson*, 198 Mass. 182, 200. *Reardon* v. *Reardon*, 225 Mass. 255, 257.

*Decree affirmed with costs of the appeal.*