ELLEN N. WILEY *vs.* ROBERT M. SIMONS.

Hampden.     November 19, 1926. — April 6, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Equity Jurisdiction,* To rescind sale of land.  *Fraud.  False Representations.*

Although a master, to whom was referred a suit in equity for rescission of a conveyance of real estate on the ground that the plaintiff was induced to buy the real estate through reliance upon a certain fraudulent misrepresentation, found that such misrepresentation was made, if he makes no finding upon the question whether the plaintiff was induced to buy by reason of reliance upon such representation, a decree ordering rescission must be reversed upon appeal by the defendant.

BILL IN EQUITY, filed in the Superior Court on September 18, 1923, for a rescission of a sale and conveyance of real estate.

In the Superior Court, the suit was referred to a master. Material facts found by the master are stated in the opinion. The suit was heard by *Hammond,* J., by whose order there were entered an interlocutory decree confirming the master's report, and a final decree ordering rescission "upon the grounds of a material misrepresentation of facts made by the defendant's agent to the plaintiff at the time of the said sale and conveyance that he knew that the house was a

pleasant and quiet one and was in a pleasant and desirable locality." The defendant appealed.

The case was submitted on briefs.

*H. B. Putnam,* for the defendant.

*R. M. Wiley & J. Noonan,* for the plaintiff.

BRALEY, J. The defendant on June 2, 1923, conveyed to the plaintiff in fee the premises described in the bill. The purchase price was $5,800, of which $1,000 was paid in cash, with the assumption of a first mortgage on the property, and the giving of a second mortgage for $1,800. It is found by the master that in making the purchase the plaintiff, an aged widow, stated to the defendant's agent "that she desired a pleasant, quiet and desirable house," and before the agreement was consummated she made an examination of the premises and of the house which was "as complete an examination as she wished," and the defendant did nothing to prevent a full investigation. The house was located on a bluff with a road in front of it, and on the southerly side of the road for a distance of about twenty feet the land sloped abruptly to the tracks of the Boston and Albany Railroad, which were estimated by the master to be from seventy-five to one hundred feet below the surface of the land on which the house stood, and that "It is very difficult to see the tracks from the plaintiff's house and in fact one could go over the house without being aware that a railroad was in the vicinity." "Between the premises . . . and the bluff, which leads to the railroad . . . , is a wire fence which prevents one from going to the edge of the bluff to see what is beneath." While other representations are alleged concerning the age, construction, plumbing and sewer connections of the house, they have become immaterial under the findings that as to these allegations no false or fraudulent statements were made. But even if "there was no talk about the railroad, nor did the plaintiff ask any questions about the railroad, nor were any representations made by the defendant in regard to the railroad," the master reports that "the defendant's agent did represent that the house was a pleasant and quiet one." It is also found, that "the railroad, with the smoke from the trains and the noise, materially affects

the value of the property. At times the smoke does come into the house and renders living in the house undesirable, and the noise from the trains, which includes the switching of trains, is not pleasant."

The question is, whether this untrue representation is sufficient to enable the plaintiff to rescind. There is no finding of bad faith on the part of the defendant, nor of an actual intent to deceive. The location of the property however and its proximity to the railroad were specially within the knowledge of the defendant who was the proper person to give such information, even if the plaintiff from her own inspection, with the opportunity of an unrestricted examination, knew the general appearance of the land when viewed from the bluff; and the master on evidence not reported finds that in fact she was deceived. A charge of fraudulent intent may be maintained by proof of a statement made of the defendant's own knowledge which is false where the statement is not matter of opinion, estimate or judgment but is susceptible of actual knowledge. It is not necessary to make any further proof of an actual intent to deceive. The defendant's statement was fraudulent. *Chatham Furnace Co.* v. *Moffatt*, 147 Mass. 403, 404. The plaintiff accordingly, if induced to purchase because of this representation, had the right of rescission upon discovering that it was false. *Matthews* v. *Bliss*, 22 Pick. 48, 53. *Chatham Furnace Co.* v. *Moffatt, supra.* *Felker* v. *Standard Yarn Co.* 150 Mass. 264, 266. *Roberts* v. *French*, 153 Mass. 60, 62. *Burns* v. *Dockray*, 156 Mass. 135, 138. *Adams* v. *Collins*, 196 Mass. 422. *Montgomery Door & Sash Co.* v. *Atlantic Lumber Co.* 206 Mass. 144, 154. *Bearse* v. *Lebowich*, 234 Mass. 492, 498.

Although it is alleged in the bill that in reliance thereon the plaintiff was induced to buy, the master makes no finding on the question, without proof of which fact she could not prevail. *Matthews* v. *Bliss, supra.*

It follows that the interlocutory decree confirming the report, to which no exceptions were taken, is affirmed; but the final decree must be reversed.

*Ordered accordingly.*