Isadore L. Oshry, trustee in bankruptcy, *vs.* Mary Haddad.

Suffolk.    November 16, 1928. — November 27, 1928.

Present: Rugg, C.J., Crosby, Carroll, Wait, & Sanderson, JJ.

*Equity Jurisdiction,* Conveyance in fraud of creditors. *Bills and Notes,*
   Validity. *Fraud. Equity Pleading and Practice,* Bill; Master: findings;
   Findings by judge; Appeal.

Upon an appeal from a final decree in a suit in equity, entered after a
   hearing of the suit by a judge upon a master's report which contains
   no report of the evidence and to which no exceptions have been taken,
   the only question before this court is whether the final decree is war-
   ranted by the pleadings and the facts found by the master.
A judge, hearing a suit in equity upon a master's report, may draw
   inferences of fact from facts found by the master.
Allegations in the bill in a suit in equity by a trustee in bankruptcy
   against a creditor of the bankrupt, that a chattel mortgage and note
   were given by the bankrupt to the defendant at a time when the
   mortgagor was insolvent, and for the purpose of hindering, delaying
   and defrauding creditors of the mortgagor, together with a prayer
   that the mortgage and note be declared null and void as a conveyance
   in fraud of creditors, are sufficient to warrant a decree for the plain-
   tiff based on proof of either an actual intent to hinder, delay or defraud
   creditors, or of a violation of §§ 3, 4, of c. 109A, added to the General
   Laws by St. 1924, c. 147.
The master in the suit above described found that the mortgage and
   note were for $6,000, and were given at a time when the mortgagor
   was insolvent, but was unable to find that either the mortgagor or the
   mortgagee knew that he was insolvent; and that the consideration for
   the mortgage and note was a prior indebtedness of the mortgagor
   to the mortgagee amounting to $2,367.61, although the mortgagee
   testified that the consideration was $6,000.   A final decree was entered
   adjudging that the mortgage and note were null and void. *Held,* that
      (1) The master's finding as to lack of knowledge of the parties to
   the mortgage and note respecting the mortgagor's insolvency was not
   conclusive on the issue of the mortgagee's good faith under said c. 109A,
   and the judge properly might have found that the mortgagee did not
   act in good faith;
      (2) The amount of the debt for which the mortgage and note were
   received was disproportionately small as compared with the amount
   of the obligation represented by them;
      (3) The decree was justified under said c. 109A, and must be affirmed.

Bill in equity, filed in the Superior Court on January
26, 1927.

The suit was referred to a master. The bill, material facts found by the master, and a final decree entered by order of *Bishop*, J., are described in the opinion. No exceptions were taken to the master's report, and no evidence was reported. The defendant appealed.

*J. J. Cummings*, for the defendant.

*H. A. Leventhal*, for the plaintiff, submitted a brief.

SANDERSON, J.   This is a suit in equity by the trustee in bankruptcy of the estate of Tofa S. Haddad and Thomas S. Nicholas, copartners doing business under the name of Bay State Overall Manufacturing Company, against the defendant, who is the mother of Tofa S. Haddad and mother-in-law of Nicholas.

The bill alleges that while the copartners were insolvent they executed a chattel mortgage to the defendant, who knew of their insolvency; that there was no consideration for the mortgage, that it was given to hinder, delay and defraud creditors, and was subsequently foreclosed and the proceeds converted by the defendant to her own use.   The prayers ask that the mortgage and note be declared null and void, that the defendant be ordered to account for the proceeds of the foreclosure sale, and for other relief.

The master found that the partners were insolvent on March 29, 1926, the date when the mortgage was executed, which conveyed to the defendant all stock in trade and merchandise in the place of business of the partnership, together with the machines and fixtures named in a schedule, and all other property which might be thereafter acquired. It purported to be given in consideration of $6,000 and to secure a note for that sum.   The consideration for the mortgage was found to be a prior indebtedness of the partnership to the defendant of $2,367.61 for money loaned to the partnership.   The master found that the partners were insolvent when the mortgage was given but was unable to find that either the partners or the defendant knew that fact.   He made no specific finding as to the value of the property mortgaged, but found that on the date of the mortgage the book value of the assets of the partnership, after a deduction

was made because of an error in the books, was over $9,000. The finding does not disclose whether the partnership had any assets except the property mortgaged. The mortgage was foreclosed by the defendant and the property purchased by her at the foreclosure sale for $2,000, and later she resold it for between $700 and $800. The defendant testified before the master that she loaned the partnership $6,000, but the master found that this was not the fact. A final decree was entered declaring the mortgage and the note which it secured to be null and void, and of no force and effect, as a conveyance in fraud of creditors and ordered the defendant to pay the plaintiff the sum of $2,000 received by her under the foreclosure sale, with interest and costs. No exceptions having been taken to the report, the only question is whether the final decree was warranted by the pleadings and findings of the master. *Manufacturers National Bank* v. *Simon Manuf. Co.* 233 Mass. 85, 87. The judge had a right to draw inferences of fact from the facts found by the master. *Wallin* v. *Fredin*, 241 Mass. 233.

The allegations in the bill to the effect that the mortgage and note were given when the partners were insolvent, and for the purpose of hindering, delaying and defrauding creditors, followed by a prayer that the mortgage and note be declared null and void as a conveyance in fraud of creditors, were sufficient to warrant a decree based either upon an actual intent to hinder, delay or defraud creditors, or upon proof that the conveyance was fraudulent because made in violation of St. 1924, c. 147, entitled "An act concerning fraudulent conveyances and to make uniform the law relating thereto." This statute added to the General Laws a new chapter, 109A, which provides in § 4 that "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." In § 3 (b) the act provides that fair consideration is given for property or obligation "When such property or obligation is received in good faith to secure a

present advance or antecedent debt in amount not disproportionately small as compared with the value of the property or obligation obtained."

On the question whether the obligation for $6,000, with the mortgage securing it, was received by the defendant in good faith, the finding as to the knowledge of the insolvency by the parties to the mortgage is not conclusive.  The judge had a right to consider the fact that the note was for a sum much in excess of the actual debt and that the defendant at the trial attempted to make it appear that the actual indebtedness was the amount of the note, by giving false testimony to that effect.  In *Lynde* v. *McGregor*, 13 Allen, 172, 179, a mortgage had been given for $6,500 when the indebtedness was $2,000, and the court, speaking through Hoar, J., said: "The jury might well infer from making the mortgage in a form which would admit a fraudulent claim, no honest reason being shown for making it in that form, and the fraudulent claim being afterwards made, that it was originally intended for that purpose."  The judge could have reached a similar conclusion in the case at bar upon the facts found by the master.  The amount of the debt for which the obligation was received was disproportionately small as compared with that obligation.  The decree declaring the note and mortgage null and void was therefore justified because they could be found to have been given in violation of the statute. We need not consider whether it might also be justified upon the other ground open on the pleadings.

*Decree affirmed with costs.*