**Daisy HAZELTON, Administratrix of the Estate of William T. Hazelton**

v.

**LUCKENBACH STEAMSHIP COMPANY, Inc.**

**No. 54–56–A.**

United States District Court,
D. Massachusetts.

Dec. 23, 1954.

respondent relied thereon, and the matter misrepresented contributed to the loss. There is authority for this. Tawada v. United States, 9 Cir., 162 F.2d 615; cf. Lindquist v. Dilkes, 3 Cir., 127 F.2d 21. Even if there were not, I believe this result would be a logical corrollary to the proposition that there can be no recovery for loss due to the seaman's wilful misconduct after his employment. The S.S. Berwindglen, 1 Cir., 88 F.2d 125; Jackson v. Pittsburgh S. S. Co., 6 Cir., 131 F. 2d 668.

That being so, the past medical history for a reasonable length of time may be material and I will allow the motion, limited to the period from January 1, 1948.

Nathan Greenberg, Boston, Mass., for plaintiff.

Thomas H. Walsh, Boston, Mass., for defendant.

ALDRICH, District Judge.

In this action for maintenance and cure respondent moves under Admiralty Rule 32, 28 U.S.C.A. identical for this purpose with Civil Rule 32, 28 U.S. C.A., for permission to inspect and copy hospital and other medical records, "for a period of 10 years previous to the death of libellant's decedent."

I would ordinarily not consider an inspection for such an appreciable period. However, it appears that when the decedent signed on in 1952 he informed the respondent that he had had no prior illnesses or diseases of any consequence, and that the respondent has now learned that he had a medical history going back at least to 1948.

Without deciding the necessary degree of culpability[1] at this time I would hold that affirmative misrepresentation of past medical history is a defense to an action for maintenance and cure, provided the

---

1. For instance, the word "wilful," used infra, has been interpreted as merely intentional. People's National Bank v.

Mulholland, 228 Mass. 152, 117 N.E. 46; see Wiley v. Simons, 259 Mass. 159, 161, 156 N.E. 23.